UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No.  4:19-cr-627 SNLJ |
| TERRELL HARROLD, | ) |
| Defendant. | ) |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR BOND RECONSIDERATION

COMES NOW the United States of America by and through its attorneys, Jeffrey Jensen, United States Attorney for the Eastern District of Missouri, and Dianna R. Collins, Assistant United States Attorney for said District, and for its response to Defendant's Motion for Bond Reconsideration states as follows:

**Standard:**

A defendant may be detained pending trial if the Court finds there is no "condition or combination of conditions ... [that] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. 3142(e)(1). Because the Defendant has been charged under 18 U.S.C. 1591, 1594 (c) and because this Court found probable cause exists to support these charges, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community. 18 U.S.C. 3142(e)(3)(E). (18 U.S.C. 1591 is a crime listed as this crime involves a minor).

1

The existence of this presumption places upon the Defendant the "limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad,* 350 F.3d 793, 797 (8th Cir.2003) (quoting *United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir.2001)).

Detention is appropriate where the government proves by clear and convincing evidence that the Defendant is a danger to others or to the community, or when the government proves by a preponderance of the evidence that the Defendant is a risk of flight, and that in either case, there are no conditions or combination of conditions that will assure the safety of the community or the Defendant's appearance at future court proceedings. In making this determination, the Court must take into account the following factors:

> (1) The nature and circumstances of the offense charged, including the fact that the crime charged is an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.
> 18 U.S.C. 3142(g).

**Facts Supporting Detention**:

The Defendant was charged, by Grand Jury, on November 14, 2019, with violations of 1591(a) and 1594(c).   In Defendant's motion for reconsideration, the defendant highlights portions of evidence that he plans to use in his defense.   However, this does not negate from the Government's evidence which includes victim statements, witness statements, video surveillance, and co-defendant statements. No circumstance or intervening set of events have materialized to alter this Court's previous finding that probable cause exists that a violation of 18 U.S.C. 1591(a) and 1594(c) occurred.

As such, the defendant still bears the burden of showing this Court that he is not a flight risk or a danger to the community. For all the reasons and concerns highlighted in the Pretrial Office's First Supplemental Addendum to Bail Report, filed on October 7, 2020 and incorporated into this response, the defendant is unable to meet his burden. DCD 91.

## CONCLUSION

WHEREFORE, Defendant's Motion for Bond Reconsideration should be denied.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

 s/ Dianna R. Collins
DIANNA R. COLLINS, 59641MO
Assistant United States Attorney
111 S. 10th   Street, Room 20.333
St. Louis, Missouri   63102
(314) 539-2200

3

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

        s/ Dianna R. Collins
        DIANNA R. COLLINS, 59641MO
        Assistant United States Attorney