# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No.  4:19-CR-627 SNLJ |
| TERRELL ANDRE HARROLD, | ) ) ) |
| Defendant. | ) ) |

## ORDER

This matter comes before the Court on Defendant's Motion for Reconsideration of Detention [ECF No. 90]. Defendant moves for reconsideration of his detention order due to changed circumstances, and asserts primarily, as follows: (1) the length of his sentence is reduced due to the filing of a superseding indictment; (2) the weight of the Government's case is now "in question"; and (3) Defendant's prior criminal history includes "a lot of driving offenses" and statistics "show this is unsurprising for a Black man in Missouri…." Alternatively, Defendant requests that, pursuant to 18 U.S.C. § 3142(i), the Court release Defendant to "home detention until conditions regarding the national health crisis improve…."

The Government filed a "Response to Defendant's Motion for Bond Reconsideration" [ECF No. 92] and opposes Defendant's release. Pretrial Services filed a "Supplemental Addendum to Bail Report" [ECF No. 91] and continues to recommend detention. The Supplemental Addendum provides additional detail regarding Defendant's criminal history including specifically the dates of Defendant's prior arrests, most of which are relatively recent and involve violent behavior. The Supplemental Addendum also provides dates of Defendant's

charged offenses including his pending State case which involves both violent behavior and failures to appear.

18 U.S.C. § 3142(f) provides, in pertinent part, that:

> The hearing may be reopened, before or after a determination by a judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Section 3142(i) provides that a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." A defendant bears the burden of establishing circumstances warranting release under Section 3142(i). See United States v. Buswell, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 20103).

Having considered the arguments of the parties as conveyed in their memoranda, along with the Pretrial Services' Supplemental Addendum and recommendation for continued detention, the Court concludes that Defendant has failed to produce information that was not known to Defendant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will assure Defendant's appearance as required and the safety of the community. In addition, the Court concludes that Defendant has failed to establish circumstances particular to him that provide a compelling reason for release within the meaning of 18 U.S.C. Section 3142(i).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsider of Detention [ECF No. 90] is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of November, 2020